HICKAM, Plaintiff in Error, *vs.* HOLLINGSWORTH, Defendant in Error.

1. Under the act concerning "securities" (R. C. 1845,) a surety cannot exonerate himself from liability, by notifying the creditor, after the death of the principal debtor, to present the demand for allowance against his estate, and his failure to do so within thirty days. A case where the principal is dead is not within the meaning of the statute.

*Error to Moniteau Circuit Court.*

This was an action begun before a justice of the peace and appealed to the Circuit Court, on a note made by James Williams, as principal, and James W. Williams, George Williams, Samuel Murphy, James Smallwood, and the defendant, Hollingsworth, as his securities. On the trial, the defendant proved the death of James Williams, the principal, and then offered in evidence the following notice, which was proved to have been served upon the plaintiff on the day of its date:

"Mr. William Hickam: Sir—You are hereby notified that you must lay in your note on James Williams' estate for allowance, on which we are securities. January 20th, 1847.

JAMES W. WILLIAMS,

JAMES S. SMALLWOOD,

GEORGE WILLIAMS,

W. M. HOLLINGSWORTH."

The plaintiff objected to the admission of this notice in evidence, and his objection being overruled, he took a non-suit, and after an unsuccessful motion to set the same aside, brings the case here by writ of error. The case turns upon the construction of the first and second sections of the act concerning securities, (R. C. 1845.)

*Edwards* and *Parsons*, for plaintiff in error, contended that the notice was not sufficient under the statute. It was too vague and indefinite in its terms. Besides, the plaintiff was not bound to seek the estate of the principal in Boone county, but had the right to sue the defendant alone in Moniteau. *Hughes* v. *Gordon*, 7 Mo. Rep. 297. It did not appear from the evidence that the estate of James Williams had been finally settled at the commencement of this suit; nor that there was any administration on the estate until about the time of the commencement of this suit. Under these circumstances, the notice did not exonerate the defendant. *Shehan* v. *Hampton*, 8 Ala. (new series) 945. *Jenkins* v. *Clarkson*, 6 & 7 Ohio, 266.

*Hayden*, for defendant in error, contended that the notice was substantially in conformity with the statute, and could not have misled the defendant, or been misunderstood by him.

RYLAND, Judge, delivered the opinion of the court.

From the above statement, the important question in this case involves the construction of our statute, authorizing " any person bound as security for another, in any bond, bill or note, for the payment of money, or delivery of property, at any time after an action has accrued thereon, to require, in writing, the person having such right of action forthwith to commence suit against the principal debtor and other parties liable." R. C. 1845, p. 998, title " securities."

The second section of this act declares, " If such suit is not commenced within thirty days after the service of such notice, and proceeded in with due diligence, in the ordinary course of law, to judgment and execution, such security shall be exonerated from liability to the person so notified."

1. Does this statute, either by its letter or spirit, embrace a case where the death of a principal obligor has occurred? If this question be answered in the negative, then the present case is determined without any regard to the form and substance of the *notice* given, and which appears in the above statement.

It is the opinion of this court, that the statute does not embrace the present case—does not, either by letter or its spirit, include a case where the death of the principal obligor has happened. It may often turn out, that more than thirty days may elapse after the death of the obligor, before administration is granted on his estate. In such case, notice to sue, given a few days before the death, must be entirely nugatory. Notice given to present the note or demand, or to " lay in" the note on the estate of the deceased man for allowance, will not expedite the collection, if given within ten days after administration granted, more than if given ten months after. The law

allows one year after administration granted, before there can be any compulsory order or process against the administrator to pay demands. The debts due by a deceased person are classed as follows : First, funeral expenses ; second, expenses of last sickness, &c. ; third, debts due the state ; fourth, judgments rendered against the deceased in his life time, &c. ; fifth, all demands without regard to quality, which shall be legally exhibited against the estate, within one year after the granting of the first letters on the estate ; sixth, all demands exhibited after two, and within three years, &c. Now we can see very clearly, that debts due by the deceased on notes, or demands against him for property, &c., cannot possibly take precedence of each other, if properly presented, or if legally exhibited within the year after the grant of letters of administration, though some be thus exhibited in the first part of the year, and others late in the year ; these all form the fifth class, and cannot be paid until those of the four preceding classes be satisfied.

" Any person may exhibit his demand against the estate of a deceased person, by serving upon the executor or administrator a notice, in writing, stating the nature and amount of his claim, with a copy of the instrument of writing, or account, upon which the claim is founded ; and such claim shall be considered legally exhibited from the time of serving such notice." Act concerning administration, article 4, section 5, p. 91, R. C. 1845.

The statute authorizing the security to require the payee to commence suit on the note or bond, requires the action to be brought against the principal debtor and other parties liable. If *such* suit is not commenced within thirty days after service of notice, &c., the security to be exonerated, &c. " Such suit," means the one required to be commenced forthwith against the principal debtor and *other parties liable*. Now it is clear that the legislature never contemplated forcing the holder of such claim to commence his suit against the administrators in the county court or probate court, and also against

the other parties liable, too, in these courts, or to sue the administrator in one court and the security in the bond or note in another court. Hence, in the opinion of the court, the statute never was designed to embrace the case at bar. The judgment of the Circuit Court is, therefore, reversed, the other judges concurring herein, and this case is remanded, to be proceeded in further in accordance with this opinion.