HENRY STAGG, Appellant, *v.* THEODORE P. GREEN, Respondent.

1. *Wills — Executor can not act without qualifying, except when.*—Under the law of this State the executor, by virtue of being so named, has no power to intermeddle with the estate of the testator except under pressing necessity, and only so far as is necessary, until letters have been obtained; although if he shall so intermeddle, and shall subsequently qualify, his letters will relate back and cover his former acts.

*Appeal from St. Louis Circuit Court.*

*P. E. Bland*, for appellant.

*Cline, Jamison & Day*, for respondent.

BLISS, Judge, delivered the opinion of the court.

The petition charges that the defendant made his promissory note to the order of one Linnenfelser, deceased, who devised and bequeathed all his property to his wife Mary, and made her his sole executrix; that his will was duly probated, and his wife, as executrix, sold and indorsed said note to one Kifferer, who indorsed it to the plaintiff, who brings suit upon the note. Defendant demurs for the reason that plaintiff shows no title to the note, the said executrix not having qualified according to law, and having no right to dispose of it.

By the common law, the personal property of the testator vested in the executor, and he might, by virtue of the will, take

immediate possession of it, dispose of it, and in almost every respect treat it as his own.   He was not bound even to wait for its probate, although he could not appear in court until his right had been established by proof of the will.   The plaintiff bases his title to the note upon the right of the executrix, as such, to dispose of the personal property of the testator as recognized by the common law, and claims that she is not restrained therein by anything in the statute requiring bond and the taking out of letters.

The doctrine of the common law in this regard has not been adopted in most of the States.   The executor here does not, as in England, derive his power solely from the will, but the law imposes certain obligations upon him before he is permitted to execute it.   The fact that one is named in the will as executor does not, as at common law, make him executor in fact, but only gives him the legal right to become executor upon complying with the conditions required by law.   The statute of our State expressly requires two things of one named as executor before letters can issue to him: first, that he take the oath (§ 16); and second, that he give bond (§ 19).   And assuming that the latter requirement is imperative, section 11 forbids any one from intermeddling with the estate except those who give bond, in case more than one person is named in the will.

This question has not been directly before this court, but the view above taken has been everywhere assumed or taken for granted.   No executor has ever been recognized as such who has not qualified according to law.   The courts of other States, however, have directly passed upon it.   In Monroe, Ex'r of Jones, v. James, 4 Munf. 194, a person named as executor had sold a slave before he had qualified as such.   The other executor named afterward qualified and sued for and recovered the slave.   The whole question was fully considered by the court, and the doctrine of the common law acknowledged; but inasmuch as the statute of Virginia required that executors should give bond, the court held that they were not authorized to dispose of the personal property until they had done so.   (See also upon the same point Carpenter v. Goring, 20 Ala. 587.)   In Stearns v. Burnham, 5 Me. 261,

the testator had been a resident of Massachusetts and held a note made by a citizen of Maine. His executrix, who duly qualified to act as such under the law of Massachusetts, indorsed the note to the plaintiff, who brought suit as indorsee. The court held that she could give him thereby no power to sue ; that she derived her authority from the laws of Massachusetts, which had no extra-territorial force ; that she could not sue in Maine herself without qualifying according to its laws ; nor could she so pass title in the paper as to authorize another to do so. The contrary seems to be held upon the main question in Harper v. Butler, 2 Pet. 239, where the assignee of an executor was permitted to recover in Mississippi upon an assignment made in Kentucky ; but the right of the executor to act in the latter State was conceded, he having there duly qualified as executor. (See also Rand, Adm'r, v. Hubbard et al., 13 Pick. 252.)

Counsel insist that the authorities in Virginia and other States can not apply to Missouri because of the different provisions in their statutes ; that in those States the executor is absolutely prohibited from acting without giving bond, etc. When the above case of Monroe, etc., v. James was decided, the statute then in force provided that a failure to give security should amount to a refusal to act. Our statute (§ 10) provides that after probate of any will, letters testamentary shall be granted to the persons therein appointed executors. But such letters can not be granted unless they qualify by giving bond, etc. If the executor named shall refuse to act, then letters shall be granted to others. By necessary implication he is prohibited from acting as plainly as though the prohibition were direct. I can have no doubt that under our laws the executor, by virtue of being so named, has no power to intermeddle with the estate except under pressing necessity, and only so far as is necessary, until letters have been obtained, although if he shall so intermeddle and shall subsequently qualify, his letters will relate back and cover his former acts. (2 Redf. Wills, 13, 16, § 2.)

The policy of the law is obvious. The executor is but a trustee ; he receives nothing in his own right, but everything for the use of others. Before assuming the relation, before he is

permitted to take possession of and dispose of property thus intrusted to him, he is required to give ample security for the benefit of those for whom he acts. If he were permitted to first dispose of the property, whether chattels or choses in action, the whole purpose of the law might be defeated. Creditors and legatees might be defrauded, and, if the executor were not responsible, would be without remedy. There is no security to them but to hold him absolutely disqualified to act until he has complied with the requirements of the statute.

The judgment will be affirmed. The other judges concur.