GERMAN SAVINGS ASSOCIATION, Plaintiff in Error, *vs.* H. HELMRICK, *et al.*, Defendants in Error.

1. *Prom. notes—Extension—Surety, when held.*—An extension of time for a definite period was granted to the principal maker of a note without the consent of the surety, and the contract for extension was indorsed on the back of the note. Surety held released.

*Lay & Belch and Brown & Case*, for Plaintiff in Error.

I. The name of Ward appears on the face of the note as a joint maker, and it was not competent for him to show that he signed it in a different capacity, or that he assumed a different liability. (Sto. Prom. notes, § 421, p. 564; Schriver vs. Lovejoy, 32 Cal., 574; Hull vs. Porter, 27 Ills., 312; Derry Bank vs. Baldwin, 41 N. H., 434; Sweet vs. McAllister, 4 Allen, [Mass.] 353; Wright vs. Morse, 9 Gray, 337; Exeter Bank vs. Stowell, 16 N. H., 61; Heath vs. Derry Bank, 44 N. H., 174; Drake vs. Markle, 21 Ind., 433; Draper vs. Weld. 13 Gray, 580; 20 N. Y., [Ct. of App.], 240.)

II. The original notes being past due, and defendant, Ward, liable thereon by protest and notice, when the new notes were executed by all parties as makers, and the old ones surrendered, this was a payment and not a renewal of the old notes, and defendants were all principal debtors on the notes sued on. (White vs. Van Horn, 19 Iowa, 189.) And Ward could have at once sued Helmrick & Co., for indemnity. (Wilkinson vs. Stewart, 30 Ill., 48.)

III. A surety is not released by an extension of time to the principal debtor, unless his hands are thereby tied so that he cannot sue. An agreement not to sue on a claim presents no bar to an action on it. (Atwood vs. Lewis, 6 Mo., 392; Bond vs. Worley, 26 Mo., 253; Bridge vs. Tierman, 36 Mo., 439; Rucker vs. Robinson, 38 Mo., 154.)

*F. M. Black and W. P. Wade*, for Defendants in Error.

I. An agreement between the creditor and principal debtor to extend the time of payment, without the assent of the surety, will discharge the surety. (Dodd vs. Winn, 27 Mo., Mo. 501; Smith vs. Rice, 27 Mo., 505; Smarr vs. Schnitter, 38 Mo., 478; Rucker vs. Robinson, 38 Mo., 154.)

NAPTON, Judge, delivered the opinion of the court.

This suit is upon three notes, one of which is as follows:

Kansas City, Mo., Feb. 28th, 1870.

" Sixty days after date we promise to pay to the order of H. Helmrick,& Co.,four hundred and fifty dollars at the banking office of the German Savings Association, with ten per cent. interest per annum from maturity, until paid; value received. Signed

H. Helmrick & Co.

James M. Ward.

Marked: Extended July 1st, due Ap'l 29th,and May 2nd.

The defendant, Ward, sets up as a defense that he was surety, and that plaintiff gave time to the principal—by which the surety was released.

The three notes sued on were, it appears, given in lieu of other notes made by Helmrick & Co., on which Ward was indorser, and after the notes had fallen due and been protested and due notice had been given to Ward.

The new notes were drawn up by the cashier in a shape which he supposed would make Ward principal, and preclude him from setting up his suretyship. And when these notes fell due, an extension of time of sixty days was given to Helmrick without consultation with Ward, and this extension was made on payment by Helmrick of part of the principal and all the interest, and was for a definite period. As the law now stands, the plea was a good one, as the extension was for a definite period and made without the consent of the surety, and being reduced to writing on the back of the notes precluded the plaintiff from suing, until the expiration of the sixty days. It is useless to recite the instructions.

The judgment must be affirmed; the other judges concur.