CHANDLER v. STEVENSON, *Plaintiff in Error.*

1. **Administrator**: TITLE TO PROPERTY. The doctrine of the common law that an administrator takes the property of the intestate in absolute ownership does not prevail in this State; and the power of the personal representative of the deceased to dispose of the assets is limited and regulated by statute.

2, **Administration**: " CREDITOR OF THE ESTATE." Wagner's Statute, section 40, page 89, authorizing the executor or administrator of any estate to assign any note or bond of the estate to any creditor, legatee or distributee, in discharge of an amount of his claim equal to the amount of such note or bond, does not permit an administrator to assign a note belonging to the estate under his charge, to a person

who is jointly liable with the estate upon a note to a third person. The joint obligor is not a creditor of the estate, though he may become such by paying off the note.

*Error to Bates Circuit Court.*—Hon. F. P. Wright, Judge.

*Boggess & Cravens* for plaintiff in error.

*D. K. Hall* for defendant in error.

Norton, J.—At the February term, 1873, of the common pleas court of Cass county, William Chandler, the defendant in error, exhibited for allowance against the estate of Jehiel C. Stevenson, of which Amanda L. Stevenson, the plaintiff in error, was administratrix, a note as follows:

Harrisonville, Mo., November 11th, 1871.

"Eight months after date, I promise to pay to the order of Thos. E. Dutro, the sum of $808.50, for value received: negotiable and payable without defalcation or discount, at the banking house of Wm. H. Allen, Harrisonville, Missouri, and with interest from date at the rate of ten per cent. per annum.

(Signed,)                    Jehiel C. Stevenson."

To the allowance of this demand against the estate of said Stevenson, his administratrix offered a set-off as follows: "Thomas E. Dutro in account with J. C. Stevenson. To 183 lbs. bacon at 12 cents, $21.96; to 185 lbs. lard at 12 cents, $22.20; cash received of Stevenson for house and lots, $400; cash loaned, $1,200." Total, $1,644.16. The case was tried before the common pleas court—probate side. The court rejected the set-off and allowed the demand in favor of the defendant in error, and against the estate of Stevenson, for the full amount claimed. The plaintiff in error appealed to the circuit court of Cass county, and from thence the case was removed by change of venue to the circuit court of Bates county, where it was tried *de novo*. The plaintiff offered in evidence the note presented for allowance hereinbefore copied, and an assign-

ment attached thereto, in words and figures as follows, to-wit:

"For value received, I assign the note executed by Jehiel C. Stevenson to Thomas E. Dutro, for about $808.50 dated about ———, and now about, or nearly due, to Wm. Chandler, as collateral to pay a note executed by said Dutro, Chandler, and others, to one White, for about $2,000, and now nearly, or about due, this June 4th, 1872. G. W. Feeley will deliver said note to said Chandler.

(Signed,)　　　　　CATHERINE E. DUTRO,
　　　　　Administratrix of T. E. Dutro, deceased."

The main and controlling question which this case presents is, does the assignment to Chandler of the note in suit, by Catherine E. Dutro, administratrix of T. E. Dutro, deceased, confer upon him the legal right thereto, and can he maintain an action thereon by virtue of it against the administrator of Stevenson who was the maker of the note. The solution of this question depends upon sec. 40 p. 89, 1 Wag. Stat., which provides "that executors and administrators may assign the notes and bonds of the estate to creditors, legatees and distributees, in discharge of an amount of their claims equal to the amount of such bond or note." This section was brought to the attention of this court in the case of *Stagg v. Linnenfelser*, 59 Mo. 342, where it was held. that the doctrine of the common law, that administrators took the property of the intestate in absolute ownership, "does not prevail in this State and that the power of the personal representative of the decedent, whether testator or intestate, to dispose of the assets, is limited and regulated by law." SHERWOOD, J., in delivering the opinion observes in respect to this section, that "as declaratory of the common law right of an executor or administrator to dispose of the personalty of his decedent such legislative permission would obviously be void of meaning. This being the case the section, whatever may be thought of its possessing sufficient comprehensiveness to embrace bills of

*1. ADMINISTRATOR: title to property.*

exchange may be safely and fairly restricted in its opera-
tion as to notes and bonds, and to preclude their transfer
except when the statutory contingency arises or the will
under which the executor acts so provides."

If, therefore, plaintiff Chandler was not at the time
of the assignment, embraced in one of the classes of per-
2. ADMINISTRA- sons designated in the section, it passed noth-
TION: " creditor
of the estate."  ing to him, and he took no right under it.
It is not pretended that he was a legatee or distributee,
but it is claimed that he was a creditor, and that the
assignment was made to pay his debt.  Looking at the
transaction in the light shed upon it by the terms of the
assignment, Chandler was neither a creditor, nor was the
assignment made to pay a debt due him from the estate of
Dutro.  It speaks for itself, and declares that the note was
assigned "as collateral to pay a note executed by Dutro,
Chandler, and others to one White, for about $2,000, and
now nearly or about due."  The language employed is
clear and there is no such ambiguity in it as would justify
resort to parol evidence to explain or remove it.  It shows
that at the time of the assignment Chandler was not a
creditor of Dutro's estate but that it was assigned to him
as collateral to pay a debt to White, not then due, evi-
denced by the joint note of Chandler, Dutro and others.
In the case of *Stagg v. Green*, 47 Mo. 500, it was held
"that an executor is but a trustee: he receives nothing in
his own right, but everything for the use of others."  The
method of performing this trust and the duties arising out
of it are regulated by the statute.  To give our sanction to
any departure from the prescribed methods for the dispo-
sition of the assets of deceased persons, would result dis-
astrously to all concerned in the proper administration of
estates, and contravene the policy of the law.  An exem-
plification of this is furnished in the case before us.
Dutro's estate appears to have been insolvent, and in such
cases creditors are entitled to a *pro rata* distribution of the
assets.  If the present proceeding should be upheld, the

result would be that Chandler who, at the time the note was assigned to him, was not a creditor, but only in a position when he might become such in the event of his paying the joint note to White, would take an important and large asset of the estate to the prejudice of the rights of other creditors to have *pro rata* distribution. It, therefore, follows from what has been said that the declaration of law asked by defendant, to the effect that unless the note was assigned to Chandler in payment or discharge of a debt which was due him from Dutro's estate, the verdict should be for defendant, ought to have been given, and for the refusal of the court so to declare, the judgment will be reversed and cause remanded, in which the other judges concur.

REVERSED.