JOHN L. ROUGGLEY, ADMINISTRATOR OF MELANIE WUILLE, Respondent, *v.* CHARLES H. TEICHMANN, EXECUTOR OF ANDREW EINSTMANN, Appellant.

### April 19, 1881.

1. Until the heirs receive the personal property of a decedent as proceeds of administration, the legal title thereto is in the administrator.

2. An administrator is not liable for a failure to obey an order to pay an allowed demand in favor of one who was dead at the time of the order, where the demand had gone to his residuary legatees, upon the estate of one of whom no administration was had, but whose heirs had assigned their interest to the plaintiff, the administrator of the other legatee.

APPEAL from the St. Louis Circuit Court, ADAMS, J.
*Reversed and remanded.*

JOY & SAMPSON, with whom is G. D. BANTZ, for the appellant.

MILLS & PRESCOTT, for the respondent.

BAKEWELL, J., delivered the opinion of the court.

This is a proceeding, originally in the Probate Court of St. Louis, to enforce a demand against Einstmann as surety on the bond of Dorman as executor of Motier. The demand was allowed in the Probate Court; and, on trial anew on appeal to the Circuit Court, there was judgment for plaintiff for the amount claimed.

There was evidence tending to show the following state of facts. On March 6, 1876, the Probate Court made an order on Dorman, who was then executor of Motier, to pay in full a demand which had been already allowed in favor of Pernod. At the time of this order Pernod was dead. Pernod's estate was settled in December, 1874; and the executor of his estate was ordered to distribute the assets equally between Melanie Wuille and the heirs and legal representatives of Lisette Grandjean; Melanie and Lisette being the residuary legatees of Pernod. Melanie Wuille died, and Rouggley, the plaintiff in the present case, admin-

istered upon her estate.   Lisette Grandjean died, leaving a
son, Selim, and two daughters, Lina, who married Beljean,
and Anaise, who married Robert, and who died in 1879.
Lisette Grandjean died in Switzerland.   It does not appear
that there was any administration.   Selim Grandjean,
under a power of attorney from his sisters Lina and Anaise,
made with Rouggley a division of the assets of the Pernod
estate, in which division he did, for himself and his two
sisters, assign to Rouggley all the interest of the three chil-
dren of Mrs. Grandjean in the claim of Pernod against the
Motier estate.

On this state of facts we think there could be no recov-
ery in this case, because it does not appear that Rouggley
owns the judgment against the Motier estate.   The legal
title to one-half of this demand might have been assigned
by the administrator of Mrs. Grandjean had there been an
administration of her estate ; but until the next of kin had
received it as proceeds of administration of her estate, they
could not give a good title.   Had Pernod been alive when
the order to pay the demand in his favor was made by the
Probate Court, the sureties of Dorman would have been
liable for his neglect or refusal to obey that order and pay
the demand to Pernod on his request.   But the difficulty
in the present case is that Rouggley does not establish a
good title to the allowed demand or judgment.   Where a
man died leaving two unmarried daughters as his sole heirs,
and an order of distribution was made directing his admin-
istrator to pay the balance in his hands to the legal repre-
sentatives of the deceased, and one of the daughters died
without a will and without issue, pending the administration,
and the administrator paid the balance in his hands to the
surviving child, he was held liable to the administrator of
the deceased daughter.   *Hanenkamp* v. *Borgmier*, 32 Mo.
569.   A grant of letters of administration upon the estate
of Mrs. Grandjean would vest in the administrator here the
legal claim to one-half of this claim, of which Rouggley

owns the other half, and his right to sue would be exclusive of all claims of Mrs. Grandjean's children. *Naylor* v. *Moffatt*, 29 Mo. 126 ; *Smith* v. *Denny*, 37 Mo. 20 ; *Stagg* v. *Linenfelser*, 59 Mo. 338.   If Dorman had paid this demand to Rouggley, he might therefore have been made liable again to the administrator of Mrs. Grandjean.

For these reasons we think the judgment should be reversed, and it is so ordered, and the cause is remanded. Judge LEWIS is absent; Judge THOMPSON concurs.