O'Howell v. Kirk.

D. C. O'HOWELL, Appellant, v. THEOPHILUS KIRK, Executor, Respondent.

Kansas City Court of Appeals, May 19, 1890.

1. **Principal and Surety:** NOTICE TO SUE BY REPRESENTATIVE OF DECEASED SURETY. The executor can, by giving notice under the statute, protect the estate in his hands from a note signed by the testator as surety.

2. ———: SHOWING SURETYSHIP: KNOWLEDGE THEREOF. The relation of surety may be shown by the instrument itself or by evidence *aliunde*.

3. ———: KNOWLEDGE OF SURETYSHIP: HOLDER'S REMEDY. It is sufficient for the purpose of the surety's statutory remedy that the holder have notice of the surety's relation to the other makers of the instrument at the time he is served with notice to bring suit; and the holder can then restore the surety's obligation to its absolute quality by the proceeding as the statute requires, or by taking issue on the fact of suretyship.

*Appeal from the Clinton Circuit Court.*—HON. JAMES M. SANDUSKY, Judge.

AFFIRMED.

*Jas. M. Riley* and *Thos. J. Porter*, for appellant.

(1) An executor of a will cannot, by proceeding under sections 3896 and 3897, Revised Statutes, 1879, protect the estate from liability on a note signed by the testator. *Hickman v. Hollingsworth*, 17 Mo. 475; *Sisk v. Rosenberger*, 82 Mo. 46; *Peters v. Lindenschmidt*, 58 Mo. 464; R. S. 1879, secs. 213, 2360. (2) "In the absence of any special agreement, the relation which parties bear to each other is to be determined by the instrument to which they are parties." This is held in an action between the makers of a note for contribution. *McNully v. Patchin*, 23 Mo. 40; *McCune v. Belt*, 45 Mo. 174; *Hillegas v. Stephenson*, 75 Mo. 118. (3) In an action by the payee, before a joint maker can escape liability under the statute concerning sureties, he must show not only that he signed it as security, under a special agreement that he was to be held only as security, but also that the payee, at the time he accepted the note, had notice of such agreement. *Davenport v. King*, 63 Ind. 64; *Ward v. Ins. Co.*, 6 W. Rep. 599; *Chaffe v. Railroad*, 64 Mo. 193; *Schneider v. Scheffman*, 20 Mo. 571; *Bank v. Dunklin*, 29 Mo. App. 442.

*M. B. Riley* and *S. H. Corn*, for respondent.

(1) The court did not err in giving the instructions asked by the defendant, and refusing those asked by the plaintiff. The remedy afforded a surety on a note by sections 3896 and 3897, Revised Statutes 1879 (R. S. 1889, secs. 8343-4), is available to the executor or administrator for the protection of the estate. R. S. 1879, sec. 3915 (R. S. 1889, sec. 8362); R. S. 1879, sec. 194 (R. S. 1889, sec. 193); *Routon's Adm'r. v. Lacy*, 17 Mo. 399. *First.* The remedy afforded by these statutes is

a substitute for the old practice through which the release of a surety was accomplished by the aid of the court of chancery. Its object is to compel the holder of the note to proceed against the principal if he would continue to hold the surety; and it is sufficient if he proceed against the principal alone, for a notifying surety could not complain that suit was not brought against him. The omission would deprive the holder of none of his rights over against the surety; it would not avail the surety as a defense to a subsequent action against him. *Perry v. Barrett,* 18 Mo. 140, 146; *Hughes v. Gordon,* 7 Mo. 297; *Sisk v. Rosenberger,* 82 Mo. 46; *Wilcox v. Todd,* 64 Mo. 388; 1 Story's Eq. [6 Ed] sec. 327, p. 366. Suit against Thompson would have been a sufficient compliance with the statute. *Second.* Suit might have been brought against the principal and the executor of the estate jointly ( Revised Statutes, 1879, section 3465 ), and execution upon the judgment could issue against the principal alone (*State ex rel. v. Finn,* 19 Mo. App. 557; *Prueitt v. Quarry Co.,* 32 Mo. App. 384 ), and, upon the return of the execution unsatisfied, the judgment and costs would be a legal and valid claim against the estate of the surety. ( 3 ) The relation of the defendant's testator to the note, and the character in which he signed it, is a question of fact, and may be proved by oral testimony. *Garrett v. Ferguson's Adm'r,* 9 Mo. 125; *Scott v. Bailey,* 23 Mo. 140; *Kuntz v. Tempel,* 48 Mo. 71; *Bank v. Wright,* 53 Mo. 153. For the purposes of this remedy it is not essential that the holder of the note should have known the relation of the notifying surety to the note at the time he took it. It is sufficient if he know it at the time the indulgence is granted. *Ins. Co. v. Hauck,* 83 Mo. 21. The notice informs him of that fact, and the statute gives him thirty days after notice to avail himself of the information. Before notice the liability of the surety is absolute; after notice, it becomes conditional, the holder may restore the obligation of the

surety to its absolute quality by proceeding as the statute requires, or he may take issue upon the fact of the suretyship of the notifying obligor. *Peters v. Lindenschmidt*, 58 Mo. 464. The court below having found from the evidence that respondent's testator was surety on the note in suit, that fact is "incontrovertible here;" the court below having been "intrusted with both law and facts," this court "will assume the facts to be as that court found them." *Hamilton v. Boggess*, 63 Mo. 233-251; *Gains v. Fender*, 82 Mo. 497-509; *O'Connor v. Theater Co.*, 17 Mo. App. 675.

SMITH, P. J.—This was an action begun in the probate court wherein plaintiff presented for allowance against the estate of defendant's testator a demand founded on a promissory note for $912.55, dated January 20, 1887, due twelve months after date, which was executed by John B. Thompson and the defendant's testator. The case was removed by appeal to the circuit court where there was a trial at which evidence was adduced tending to show that the testator was the surety of Thompson, the other maker of the note; that the defendant as executor of the testator's estate had caused notice to be served on the plaintiff requiring him to commence suit forthwith on said note against Thompson and himself as such executor; and that the plaintiff had failed to bring said suit on said note within thirty days after the service of the notice requiring him so to do. There was other evidence not material for the purpose of the consideration of the question presented for decision. The plaintiff asked these instructions, to-wit:

"1. The notice in evidence requiring O'Howell to commence suit, and his failure to do so within thirty days after the service of said notice, do not have the effect to discharge the estate of William Kirk.

"2. Thompson and Kirk were held by the note in suit as principals unless it was agreed between them

at the time the note was signed that Kirk signed the same as security, and unless it appears in evidence that there was such agreement, and that plaintiff had notice thereof at the time he received the note and parted with his money, the finding and judgment should be for the plaintiff."

These were by the court refused. The finding of the court, to which the cause was submitted without the intervention of a jury, was for the defendant. Judgment was rendered accordingly and from which plaintiff appeals.

I. The decisive question here presented is whether the defendant Kirk, who was executor of the estate of William Kirk, deceased, could protect the estate of his testator from the note which he had jointly made with Thompson to the plaintiff by giving the notice provided by sections 3896-7, Revised Statutes, 1879. This case was tried before the court, a jury having been dispensed with. The questions of fact passed upon by it are incontrovertible here. This court has only the power to review the law declared by it. *Swayze v. McBride*, 34 Mo. App. 414; *Gains v. Fender*, 82 Mo. 509. Assuming then as we must that the defendant's testator signed the note in question as surety, the single question remaining is, whether the statute which provides that "any person" bound as surety for another in any bond for the payment of money," etc., includes the executor of an estate of a deceased who had signed a note as surety in his lifetime.

This is largely a question of statutory construction. The words "any person" undoubtedly refer only to that class of persons who are bound as surety for another on bond, bill or note, etc. Is an executor, under such circumstances as the present, embraced in these terms? This statute, like others of similar import, should be construed so as to make it reasonable, practicable and just in its application. *Sisk v. Rosenberger*, 82 Mo. 46. An executor under the law is a trustee who receives

everything for the use of others. His ownership of the personal property of his testator is, under our statute, but a qualified or limited one. *Chandler v. Stevenson*, 68 Mo. 450; *Stagg v. Lennenfelser*, 59 Mo. 336; *Stagg v. Gunn*, 47 Mo. 500; *Bouggley v. Teichman*, 10 Mo. App. 257. If the testator had been living at the time of the service of the notice in this case and had given it to the payee in said note, there could be no question that his neglect to bring the suit would have had the legal effect to have discharged the testator from his liability as surety on the note. Having in view the rule of construction which has just been quoted, why is not the representative of the testator clothed with the same statutory power as the testator would be, were he living, in respect to a matter of this kind? Is it not reasonable, practicable and just that it should be so? We have made quite an extended examination of the books, and have been unable to find any authority either in those cases where, under the old practice, courts of chancery, proceeding in analogy to certain writs of the common law, denominated writs of prevention, granted, as was their custom, relief to a surety on his application for that purpose by bill of *quia timet*, nor in those when the exoneration of the surety was accomplished by a direct statutory method, which lends countenance to the contention of the plaintiff. His construction of the statutory words, "any person," is too narrow and restrictive to be reasonable. To illustrate the unreasonableness of the construction of the statute for which plaintiff contends, let us suppose an executor's testator had become surety on a note which did not fall due until after his death, and that, after it had become due, the payee took no steps to collect the same, though the amount of it is nearly or quite equal to the value of the testator's entire estate and though the principal is wasting and squandering his property and is likely to ultimately become insolvent, so that the testator's

O'Howell v. Kirk.

estate will have the whole note to pay, does the statute confer upon the executor no power to protect his testator's estate in such case by giving the holder of the note the notice provided in sections 3896 and 3897, and thus compel him to bring the suit against the principal or to exonerate the testator's estate? Surely the legislature never intended by this statute to leave an executor in this helpless condition. The case of *Hickam v. Hollingsworth*, 17 Mo. 475, was where the principal himself in the note had died, and the reasons for the ruling in that case do not exist in a case like the present where the surety is dead; so that case is not a controlling authority in this.

II. As to the question whether the testator bore the relation of a surety to Thompson in the note sued on, it may be observed that this fact might have been shown in two ways: *First*. By the instrument itself, and, *second*, by evidence *aliunde* that the relation did so exist. Brandt on Sure. & Guar., sec. 18; *Garrett v. Ferguson, Adm'r*, 9 Mo. 125; *Scott v. Baily*, 23 Mo. 140; *German Sav. Ass'n v. Helmick*, 57 Mo. 100. But, as has already been said, this was a question of fact which was passed upon by the trial judge, whose finding is conclusive upon us. But it is contended that, though it did appear by extrinsic evidence that the defendant's testator was, in fact, the surety of Thompson, yet, that unless the plaintiff had notice thereof at the time he received the note and parted with his money, that such suretyship was immaterial. It was sufficient, for the purpose of this remedy, that the plaintiff had notice of the relation which the testator sustained to Thompson in respect to the note at the time he was served with the notice to bring the suit. He had knowledge of this fact from and after the service of the notice to sue, which was timely and sufficient. Brandt on Sure. & Guar., secs. 17–19; *Munoy v. Graham*, 29 Iowa, 520; *Neal v. Harding*, 2 Metcalf, 247. The

absolute liability of the surety after notice becomes conditional, but the holder may restore the obligation of the surety to its absolute quality by the proceeding the statute requires, or he may take issue upon the fact of the suretyship of the notifying obligor. *Peters v. Lindenschmidt*, 58 Mo. 464. It is thus made to appear that the circuit court did not err in rejecting the theories embraced in the instructions asked by plaintiff.

The judgment of the circuit court, with the concurrence of the other judges, is affirmed.