ISAAC D. DAVIS *et ux.*, Respondents, v. GEORGE W. GILLILAN, Appellant.

Kansas City Court of Appeals, March 22, 1897, and May 31, 1897.

1. **Principal and Surety**: NOTICE TO SUE: DEATH OF PRINCIPAL: STATUTE. The statute releasing a surety who has in writing notified the payee of a promissory note to begin suit against the principal, does not apply to a case where the principal is dead at the time the notice is served, nor where he dies during the currency of the thirty days.

2. **Evidence**: DEATH: LETTERS OF ADMINISTRATION. Neither a concession that a party is dead in April nor a rumor that he died in December is evidence of his being dead in January or any other time. Letters of administration are *prima facie* proof of death only and easily overcome.

3. **Principal and Surety**: EVIDENCE: PARTY. In an action by a payee of a note against the surety who has served notice in writing to bring suit against the principal, he may show that the principal at the institution of the suit was living in the county with his family, since the principal is a necessary party if he can be served.

4. ———: ———: RESIDENCE OF THE FAMILY. In an action by the payee against a surety who has given notice to sue, and where the plaintiff offers letters of administration on the principal's estate, the fact that principal's family had previous to and at the time of the bringing of the action resided in the county has no relevancy on the issues tendered.

5. ———: ———: RUMOR OF DEATH. In such an action, evidence of a rumor of the principal's death as an excuse for not suing after the notice and not as affirmative evidence of the fact of death, will not vitiate a judgment manifestly for the right party.

*Appeal from the Daviess Circuit Court.*—HON. E. J. BROADDUS, Judge.

AFFIRMED.

Davis v. Gillilan.

*Callison & Hutchison* and *Davis, Loomis & Davis* for appellant.

(1) The law imperatively demands that plaintiff should sue both the principal debtor and all parties liable, within thirty days from the receipt of the notice by surety, if it can be done. R. S. 1889, sec. 8344; *Peters v. Linenschmidt,* 58 Mo. 464; *Sisk v. Rosenberger,* 82 Mo. 46. (2) No such action was brought, only the surety was sued. Such being the case it devolves on the plaintiff to excuse himself for such failure. This he seeks to do by attempting to show that Thornbury was dead when he brought this suit. The burden is on him to establish Thornbury's death. Presumption of death does not arise until seven years after the disappearance of the party. Until the lapse of that time a person who is admitted to be alive is presumed to still live, unless such presumption is overcome by testimony sufficiently convincing. Such testimony was not offered in this case, it consisted in rumors and hearsay and letters of administration, which the courts hold to be the weakest kind of testimony. *Hancock v. Ins. Co.,* 62 Mo. 26; *Lancaster v. Ins. Co.,* 62 Mo. 121. (3) The attitude of the security after notice is precisely the same as that of an indorser before notice, and applying the strict rule of evidence required in such cases to the case at bar, the testimony to establish Thornbury's death at the date of bringing the suit is too meager, uncertain, and indefinite; if plaintiff had any better evidence, he should have produced it. *Peter v. Linenschmidt,* 58 Mo. 467, and authorities cited in number 2.

*Hamilton & Dudley* for respondent.

(1) The record of granting letters of administration is admissible and if granted within the period of

seven years after a person disappears is conclusive proof of death. 1 Greenl. on Evidence [15 Ed.], sec. 41, pp. 64 and 65. And the granting of letters of administration is in general *prima facie* evidence of the intestate's death. 1 Greenl. on Evidence [15 Ed.], sec. 550, p. 684; *Lancaster v. Ins. Co.*, 62 Mo. 121. (2) Under the act concerning "securities" a surety can not exonorate himself from liability on a note by notifying the creditor, after the death of the principal debtor, to proceed to sue on the note within thirty days. A case where the principal debtor is dead, is not within the meaning of the statute. *Wickham v. Hollingsworth*, 17 Mo. 475; *Phillips v. Riley*, 27 Mo. 386.

ELLISON, J.—This action is based on two promissory notes executed to the payee by one Alexander Thornbury, as principal, and defendant as his surety. The notes were assigned by the payee to this plaintiff. Judgment was given for plaintiff.

The defense is based on the fact that defendant notified plaintiff, as provided by statute, to commence suit against Thornbury within thirty days STATEMENT. and that plaintiff failed to sue him within or after the time limited. Plaintiff seeks to avoid the defense by alleging that Thornbury was dead when the notice to sue was served. The evidence for defendant showed that the notice was served on this plaintiff on the twenty-fifth of January, 1896. It was conceded that Thornbury was dead at date of trial, April 11, 1896. The evidence admitted in behalf of plaintiff showed letters of administration were granted on the estate of said Thornbury by the probate court of Daviess county on the eleventh day of January, 1896, being about two weeks prior to the notice to sue. Witness Davis testified as a reason why suit was not brought against Thornbury was that he "was reported

dead" before notice to sue was given. In answer to the question: "State what you heard about his death," witness answered that he "heard that he was drowned in a creek in the Indian Territory" in the month of December.

The statute in relation to sureties and their discharge has been held not to apply to a case where the principal in note was dead at the time the notice was served. *Wickham v. Hollingsworth*, 17 Mo. 475. Neither would the statute apply where the principal died during the currency of the thirty days limited for the institution of the suit. The question, therefore, is, whether there was proof that Thornbury was dead at the time the notice was served on plaintiff, or during the time limited by the notice which would expire February 25, 1896.

*Margin: PRINCIPAL and surety: notice to sue: death of principal: statute.*

The concession at the trial that he was dead in April was not evidence that he was dead between the date of the notice and its expiration. Neither was the rumor that he died in December sufficient evidence in this case of his being dead at all. But when plaintiff showed letters of administration had been granted on his estate it was proof *prima facie* of his death, though of a very weak and unsatisfactory character. It is a character of proof easily overcome. *Lancaster, Adm'r, v. Insurance Co.*, 62 Mo. 121. This rule results, perhaps, from the *ex parte* and frequently unsatisfactory character of evidence upon which letters of administration can be taken out.

*Margin: EVIDENCE: death: letters of administration.*

At this stage of the trial the record discloses defendant offered to show that at the time this suit was instituted, Thornbury was residing with his family in Daviess county. The court refused the offer. This was error.

*Margin: PRINCIPAL and surety: evidence: party.*

Davis v. Gillilan.

If Thornbury was residing in Daviess county when the suit was brought, it having been commenced after the notice was given, it is manifest that he should have been made a party to the suit.

The judgment will, therefore, be reversed and the cause remanded. All concur.

### ON MOTION FOR REHEARING.

ELLISON, J.—It is conceded by counsel that by inadvertence an error appears in the abstract of the record and that the court may re-examine the cause with the error corrected. The error relates to the statement in the abstract as to what defendant offered to prove, on which statement the judgment was ordered to be reversed and cause remanded in the foregoing opinion. It now appears that defendant did not offer to prove that Thornbury was residing with his family in Daviess county when this suit was brought; but that said Thornbury's family had previous to and at the time of bringing this action resided in Daviess county. We can see no relevancy such proof, if it had been permitted, would have had to the issue. The case cited by counsel from the supreme court of Iowa has no application. The letters of administration made a *prima facie* case for plaintiff that Thornbury was dead. The proof offered had no tendency to overcome such case. We are not inclined to defendant's reasoning on this head.

Complaint is further made that the court permitted hearsay testimony as to Thornbury being dead. An examination shows such evidence was really given as a reason why plaintiff did not bring suit against Thornbury when notified and not as affirmative evidence of the fact and of his death.

We are satisfied the judgment of the circuit court was for the right party and we will set aside the order of reversal and order its affirmance.