FIRST STATE BANK OF SUMMIT, Appellant, v. BRADEN,
Respondent.

(162 N. W. 929.)

(File No. 3992.   Opinion filed May 26, 1917.)

1. **Executors and Administrators—Title to Property by—Administrator's Act, as Affecting.**

    An administrator's title to property is an official title, which ordinarily cannot be affected, to prejudice of the estate, by acts of such administrator prior to his appointment.

2. **Same—Estoppel as Witness—Disputing Title Conveyed by Mortgage, by, Prior to Appointment.**

    No estoppel arises from acts of a widow who, prior to her appointment as administratrix of the estate of her deceased husband, executed as an individual a mortgage on property of the estate; except where the estoppel is based upon and can be supported by equities against the estate. So held, in sustaining trial court in permitting the administratrix to testify concerning the ownership of the property. Held, further, that she was not estopped from disputing the title she had purported to convey by such mortgage.

3. **Same—Administratrix's Right of Possession to Exempt Estate, Estoppel to Claim, as Against Her Previous Individual Mortgage—Mortgage, as Equity Against Estate.**

    A widow of an intestate leaving but $600 worth of personalty and no exempt realty gave her individual note and chattel mortgage on the estate to take up intestate's unsecured notes. Held, she was not estopped from claiming the property as administratrix on the ground that the creditor, by surrendering the notes so taken up had benefited the estate to the extent thereof, the time for filing claims against the estate having expired; since such creditor had neither a legal nor equitable claim enforceable against the estate, nor did it acquire an equity therein by taking a mortgage against such property, which was by law exempted for support of widow and children.

4. **Evidence—Replevin—Value of Property—Showing Value, Within Limit of Affidavit, Competency.**

    Where, in rebuttal of defendant's evidence in claim and delivery, showing the property was of greater value than alleged in complaint, plaintiff offered evidence to show it worth less than alleged in complaint and affidavit in claim and delivery, which evidence was received "for the purpose of showing the value of property did not exceed the value of property fixed in the affidavit," held, defendant having waived submission to jury of valuation of property, trial court did not

err in directing jury to find the value at the amount named in complaint and affidavit.

**5.    Appeals—Error—Verdict in Replevin, for Value, Not for Possession, Validity.**

Where, in claim and delivery, it clearly appeared that possession of the property could not be given to defendant, a verdict for defendant upon all the issues and assessing her damages in a sum named, even if improper in form, could not be complained of on appeal, the verdict having been incorporated into and made part of the instructions, such part of the instructions not being excepted to.

Appeal from Circuit Court, Roberts County.   Hon. THOMAS L. BOUCK, Judge.

Action by the First State Bank of Summit, against Mary Braden, in which defendant, as administratrix, interposed an answer as intervener.   From a judgment for intervener, and from an order denying a new trial, plaintiff appeals.   Affirmed.

*Batterton & Bunde,* and *Howard Babcock,* for Appellant.

*E. J. Turner,* and *Frank R. McKenna,* for Respondent.

(1) To point one of the opinion, Respondent cited:  Gilkey v. Hamilton, Adm., 22 Mich. 282.

(2) To point two of the opinion, Respondent cited:  Jones on Evidence, Art. 281, (2 Blue Book, 546); Wiswell, Adm'x. v. Wiswell, 35 Minn. 371, 29 N. W. 166; Sando v. Roberts County, 36 S. D. 556, 156 N. W. 64.

(4) To point four of the opinion, Respondent cited:  Park v. Robinson et al., 15 S. D. 551, 91 N. W. 344.

(5) To point five of the opinion, Appellant cited:  Code Civ. Proc., Sec. 273.

WHITING, J.   Action for possession of personal property; judgment in favor of intervening defendant; appeal from judgment and from an order denying a new trial.

The following are the facts material to the questions presented on appeal:  One B. died, leaving a widow and several minor children.   He was indebted to appellant bank.   After his death his widow gave her individual note to take up the notes evidencing such indebtedness.   She secured said note by a chattel mortgage covering personal property belonging to the estate of deceased.   She was subsequently appointed administratrix of such estate.   Subsequent to such appointment this action was brought to obtain the possession of the mortgaged property for purpose

of foreclosure. Appellant took possession of the property mortgaged through proceedings in claim and delivery and foreclosed the mortgage, foreclosure sale being had prior to any answer herein. The widow, answering, admitted the giving of the note and the mortgage, but alleged that the property in question belonged to the estate and that at the time of the commencement of this action she was in possession of the same as administratrix of such estate. By leave of court she, in her representative capacity, interposed an answer as intervener wherein she sought the return of the property or the value thereof if return could not be had. Appellant alleged the property to be worth $425. Respondent alleged same to be worth $500. The deceased died possessed of but $600 worth of personal property. There is no evidence that the original notes were in any manner secured; and there is no evidence that the deceased left any unexempt real estate.

[1, 2] The widow was a witness and testified in relation to the ownership of the property. Her testimony was objected to upon the ground that she was estopped from testifying to facts inconsistent with the warranties contained in the mortgage she gave to appellant. Appellant concedes the law to be that an administrator's title to property is an official title which ordinarily cannot be affected to the prejudice of the estate by any acts of such administrator prior to his appointment as administrator, and also concedes that there can arise no estoppel growing out of the acts of the administrator as an individual which will affect the title of the administrator in property of the estate except in cases where such estoppel is based upon and can be supported by equities against the estate. This is clearly the law. Gilkey v. Hamilton, 22 Mich. 283. But appellant contends that, even though the administratrix may not have been estopped to claim possession of this property, yet she was estopped as a witness from disputing the title she purported to convey by the mortgage, that:

"In matters of estoppel there is a clear distinction between the law of property and the law of evidence."

Appellant has cited no authority in support of such novel proposition, and we apprehend that none can be found. It certainly would be an anomalous situation if one who had a right to

sue or defend in a representative capacity, whose right of action or ground of defense rested upon a claim of title to certain property, who was not estopped from so suing or defending, and who was in every other respect a qualified and competent witness competent to testify to the title of such property, would be estopped from telling the truth in relation to such title simply because at some time he or she had made a declaration in writing which was contradictory to the testimony sought to be given. The testimony was rightfully received.

[3] Appellant further contends that the administratrix is estopped from questioning its right of possession because the facts of this case establish clear equities against the estate—that by surrendering the notes which appellant held against the deceased the estate was benefited to the extent of such notes, the time for filing claims against the estate having expired. Appellant has cited in support of such contention the case of Rainwater v. Harris, Administratrix, 51 Ark. 401, 11 S. W. 583, 3 L. R. A. 845, a case wherein there were clear and undisputed equities against the estate. In that case the adinistratrix had prior to her appointment voluntarily paid a claim of $300, and after her appointment she sought, in an action for money had and received, to recover such money for the estate. The distinction between the facts of that case and those of this case is to be seen in the following which we quote from the opinion therein, the italicizing being ours:

"This claim was for loaned money, * * * *its payment could have been, and it was just and right that it should have been, enforced against the estate in the regular way,* had not the widow of the deceased, being satisfied that it was just, discharged it, by the payment of the $300 to the appellant, before grant of administration to her."

We are unable to discover any equities against the estate under the facts of the present case. It does not appear but what appellant, in making the original loans to deceased, relied solely upon the personal credit of its debtor; there being no evidence that he had any property other than such as was exempt under the laws of this state. When the debtor died appellant was left with neither a legal nor equitable claim enforceable against this estate. It certainly acquired no equities by taking a mortgage against that

property which the laws of this state have sought to preserve from the grasp of creditors to the end that it be used in the support of the widow and minor children. Appellant is seeking, through this mortgage given by the widow, to collect a debt, owing by deceased, but which could not have been collected from his estate, the property of which was all exempt. The equities are one and all against appellant, and there is nothing to bring this case within the exception noted in the Michigan case.

[4] Respondent offered evidence tending to show that the property was of greater value than that alleged by the appellant. Appellant, in rebuttal, offered evidence to show that the property was worth less than alleged in its complaint and in its affidavit in claim and delivery. This evidence was "received for the purpose of showing the value of property did not exceed the value fixed in the affidavit." The respondent waived the submission to the jury of the value of the property, and the court directed the jury to find the value at the amount named in the complaint and affidavit. Of this appellant complains. The ruling of the court was correct. Park v. Robinson, 15 S. D. 551, 91 N. W. 344.

[5] Forms of verdict were prepared and submitted to the jury; these were read as a part of the court's instructions. As above noted, the evidence showed that appellant had foreclosed the mortgage and sold the property prior to the answers herein. The form of verdict submitted on behalf of respondent did not contain a provision finding her entitled to the possession of the property, but found for the intervener upon all the issues and assessed her damages in the sum named therein. Appellant contends that, this being an action in claim and delivery, the verdict, in order to be valid, had to be in the alternative for the possession of the property or the value thereof. Under the undisputed facts possession could not have been given respondent. A verdict or judgment for possession would have been of no effect. But, even though the verdict had been improper in form, the verdict having been incorporated into and made a part of the instructions, and such part of the instructions not being excepted to, appellant is not now in a position to complain of the form thereof.

There are no other assignments meriting consideration.

The judgment and order appealed from are affirmed.