Willey v. Backus.

## WILLEY v. BACKUS.

1. **Gift**: DELIVERY OF POSSESSION: Where a piano which had been given to the plaintiff by her grandmother remained in the house of the latter, being used, however, by the plaintiff, who did not reside in the same house, it was held that the gift was not accompanied by a delivery of possession which would enable the plaintiff to maintain an action of replevin for the property after it had passed into the hands of a third party.

*Appeal from Decatur District Court.*

WEDNESDAY, DECEMBER 3.

ACTION to recover possession of a piano which had been levied upon by the defendant as sheriff, by virtue of an execution against W. T. Willey. There was a trial to the court, a finding of facts and judgment for the defendant. The plaintiff appeals.

*M. M. Kellogg* and *J. C. Mitchell*, for appellant.

*Warner & Bullock*, for appellee.

SEEVERS, J.—The material facts found by the court are: 1. That before the levy W. T. Willey sold the piano to Mrs. F. G. Tuttle. 2. The sheriff being about to or having garnished Mrs. Tuttle as the supposed debtor of said Willey, she said to him that she did not wish

1. GIFT: delivery of possession.

to get into a lawsuit and that he "'might levy upon the piano, and pointed the same out to him; that the sheriff then levied on the piano as the property of F. G. Tuttle." 3. That the plaintiff claimed the piano had before the levy been given to her by Mrs. Tuttle, but " that at the time of the levy the piano was in the possession of F. G. Tuttle; that no delivery had been made to the plaintiff."

The errors assigned are:

I. That the court erred in finding there had been no delivery to the plaintiff. The piano was in the house of, and in the possession of, Mrs. Tuttle at the time the gift was made. The plaintiff was then living with her father, W. T. Willey, and his family in the house of Mrs. Tuttle, who is the plaintiff's grandmother. There was no change in the possession after the gift. The plaintiff used the piano afterward, as she did before. Some six months before the levy Mr. Willey and his family, including the plaintiff, moved into another house. The piano remained in the house of Mrs. Tuttle, and was there at the time of the levy.

That the plaintiff had the right to use the piano is true, but use and possession, or the right of possession, are different things. We fail to find any evidence that the plaintiff had or was given dominion over the piano, and herein lies the distinction between this case and *Brown v. Wade*, 42 Iowa, 647. For what constitutes a delivery depends "largely upon the character and situation of the property." In the cited case the property consisted of cattle running at large on the prairie. Dominion over the cattle was given by the seller to the purchaser, and this was all that was required.

In the case at bar there was a gift followed by use, but we are unable to find there was a delivery. There were no words or acts of Mrs. Tuttle which indicate a delivery. It is undoubtedly true that a gift, unaccompanied by delivery, is void. It cannot be enforced either at law or in equity. Such delivery may be constructive, but it must be such as the "nature of the thing and its actual position requires." 1 Parsons on contracts, 434, 435. Now here there is nothing but the gift and the use. But the nature and position of the property required

more than this. Something more definite could have been done and was demanded. The plaintiff was not a resident of the house where the piano was. Her relationship to Mrs. Tuttle sufficiently accounted for the use.

In *Pierson v. Heisey*, 19 Iowa, 114, the gift was made by the plaintiff's father some years before the controversy arose, and the piano, in that case, had been placed in the parlor of his house " with his furniture, but that it has ever been hers (plaintiff's) exclusively and under her sole and exclusive control." In this case it is clear there was a delivery. There is no evidence so tending in the case at bar.

II. It is also assigned as error that the court erred in finding that Mrs. Tuttle owned the piano, and that she voluntarily turned the same out to the sheriff. These assignments are not pressed in argument for the reason, it is presumed, they are matters that in no manner concern the plaintiff, which is undoubtedly true.

AFFIRMED.