PETERS ET AL. v. THE FORT MADISON CONSTRUCTION CO. ET AL.

1. **Judgment:** OPTION TO DEFENDANT: ELECTION BY IMPLICATION: FURTHER OPTION IN PROCEEDINGS TO ENFORCE JUDGMENT: ERROR. A suit in equity was instituted to wind up the affairs of a corporation, and S., one of the stockholders, was required either to pay over to the receiver certain bonds and money in his hands belonging to the corporation, or he might, if he should so elect, retain the same, and pay to the receiver the balance remaining after deducting the indebtedness which the corporation was owing him. He did not, however, do either, and an execution was issued to enforce the judgment, but was returned unsatisfied. *Held* that his conduct was in effect an election to retain the bonds and money, and that, in a supplementary proceeding to enforce the judgment against his property, an absolute money judgment should have been rendered against him for the amount which the original judgment required him to pay upon electing to retain the bonds and money, and that it was error to grant him further time in which to exercise his election.

2. **Gift:** GOVERNMENT BONDS: DELIVERY. To constitute a valid gift of personal property, there must be an actual delivery of the property, or some.act must be done which is in law equivalent to such delivery. (*Willey v. Backus*, 52 Iowa, 441.) And in this case, where the alleged donor said to his wife: "I give these bonds to you, and I show you how to cut the coupons so that you may know how to do it yourself, and use the money for your living;" but he did not deliver the bonds to her, but placed them in a bank in a drawer to which she had no access, and himself drew the proceeds from time to time; but afterwards, at his request, an account, based on the bonds, was opened at the bank in his wife's name, but he, using her name, drew the money as before, *held* that there was no gift, and that the bonds were subject to the satisfaction of his creditors.

*Appeal from Lee Circuit Court.*

WEDNESDAY, OCTOBER 5.

THIS is an appeal by plaintiffs from a final order made by the circuit court in a supplemental proceeding for the enforcement of a judgment. The facts are stated in the opinion.

*James H. Anderson*, for appellants.

*D. N. Sprague* and *H. C. Stemple*, for appellees.

REED, J.—In February, 1879, the Ft. Madison Construction Company was incorporated, and soon afterwards began

the work of building a railroad, that being the object for which it was organized. The amount of its paid-up capital was $31,500, which was evidenced by 31½ shares of stock of $1,000 each, of which S. and J. C. Atlee held five shares ; J. C. Atlee, five shares ; defendant George Schlapp, ten shares ; N. C. Roberts, two shares ; Charles Doerr, one share ; A. L. Cartwright, one share ; Peters & Bernhard, three shares, and C. H. Peters four and one-half shares. After building about eleven miles of road, the corporation sold out to the Ft. Madison & N. W. R'y Co., and ceased to do business. The consideration for the sale was $40,000 of first mortgage bonds of the purchasing company. At the time of the sale the corporation was indebted (in addition to its indebtedness to the stockholders for their payments to its capital stock) in the sum of $22,542.78. The greater part of this indebtedness was to the stockholders for moneys advanced by them, in addition to their stock subscriptions, for the benefit of the corporation, and for liabilities assumed by some of them for it. But $34,500 of the mortgage bonds of the purchasing company was ever delivered, and that amount was delivered in various amounts to the individual stockholders. A suit in equity was instituted for the winding up of the business of the corporation, and for the distribution of the assets, after the payment of its debts, among the stockholders.

The judgment rendered in the action determines the facts enumerated above. It also determines that the mortgage bonds in the hands of the stockholders, together with the interest received by them thereon, were assets of the corporation ; and the receiver appointed by the court was ordered to collect the same, and apply the proceeds in payment of the debts of the company and the costs of the proceeding. It also determines that defendant George Schlapp held $10,000 of the mortgage bonds, and that he had received as interest thereon the sum of $2,405. The indebtedness of the corporation to individuals was also determined, and it was determined that it was indebted to Schlapp in the sum of

$2,794.75, and to him and A. L. Cartwright in the sum of $3,239.48 ; the latter sum being the amount of judgment obtained against Schlapp and Cartwright for an indebtedness incurred by them for the benefit of the corporation. The judgment also contained the following provision : " It is further ordered that, if any of the parties desire, they may apply the amount due thereon, respectively, upon their *pro rata* proportion of the charges as aforesaid against the property, and pay the balance, if any, in cash, and thereupon they may retain their *pro rata* amount of bonds, or be entitled to receive their *pro rata* amount of bonds from the receiver ; and, if the amount due them should exceed their *pro rata* amount of their charges against the property, they may apply so much as is necessary, and retain or receive their bonds, and be entitled to receive the balance from the funds in the hand of the receiver."

That judgment was entered on the 27th of March, 1884. Defendant Schlapp did not deliver the mortgage bonds to the receiver, nor did he pay over to him the amount of the money he had received as interest thereon ; and, on the 26th of February following, an execution was issued on the judgment, directing the sheriff to collect from him the bonds, and the amount of money received by him, but the execution was returned unsatisfied. On the 11th of April, 1885, the plaintiffs, who are stockholders in the corporation, instituted this proceeding for the purpose of enforcing the judgment against Schlapp. They alleged in their petition that he had converted the bonds and money in his hands, and that he was indebted to the corporation in the amount of their value, and they prayed that a money judgment be entered against him for that amount, and the same be applied in satisfaction of the corporate debts. They also made Marie Schlapp, the wife of George Schlapp, a defendant in the proceeding, and sought to subject certain property, which they alleged she holds in fraud of the rights of the creditors of her husband, to the satisfaction of whatever judgment might

be rendered against him.  The circuit court, on the hearing, dismissed the petition as against Marie Schlapp.  It also entered an order or judgment which determines that George Schlapp holds the $10,000 of mortgage bonds as assets of the corporation, and required him to pay the same over to the receiver within twenty days from the rendition of the judgment, or pay to him the sum of $4,880.50,—the amount which it is found would be due from him in case he retains the bonds.  It is from this order that the present appeal is prosecuted.  By an amended abstract the defendant shows that since the rendition of the judgment he has delivered the bonds to the receiver, which delivery was made within the twenty days allowed therefor by the judgment, and that the circuit court has ordered the receiver to sell the same, and apply the proceeds to the payment of the debts.  This order, however, was made at a term subsequent to that at which the judgment was entered.

I.   It is insisted by the appellants that, upon the facts, they were entitled to an absolute money· judgment for the amount which defendant ought to pay as his *pro*

1. JUDGMENT: option to defendant: election by implication: further option in proceedings to enforce judgment: error.

*rata* share of the debts, and we think this position must be sustained.  Under the original judgment, defendant was required to pay over the bonds and money in his hands to the receiver; but, under the provision of the judgment set out above, he had the election to retain them, and pay to the receiver the balance remaining after deducting the indebtedness which the corporation was owing him.   On the facts, he must be held to have made this election.   He retained the property when the supplemental proceeding was instituted. He refused to surrender it to the officer who sought to recover it on the execution issued on the judgment, and he did not even offer to surrender it pending the supplemental proceedings.   While he did not in express words express an election to retain it, all his conduct indicated that he had determined to avail himself of the privilege accorded to him by the judg-

ment to retain it ; and, having made that election, he cannot now be permitted, after the circumstances have changed, and the value of the property may have depreciated, to make a different election, and the circuit court erred in awarding him a second election. We do not consider the matters shown by defendant's amended abstract. The records embodied in that abstract relate to proceedings subsequent to the order or judgment appealed from. ˙ They do not relate to that judgment, and cannot be considered in determining the questions of its correctness. The appeal does not bring them here for review.

II. Having reached the conclusion that plaintiffs are entitled to an absolute money judgment against George

2. GIFT: government bonds: delivery.

Schlapp, we will inquire as to the correctness of the order dismissing the petition as against Marie Schlapp. The property which she claims to own is $22,500 of United States bonds. These bonds formerly belonged to George Schlapp. It is claimed that he, in 1879, made an absolute gift of them to his wife. The proof is that he, being the owner of the bonds, and being about to go on a journey to a foreign country, called his wife's attention to them, and said to her: " I give these bonds to you, and I show you how to cut the coupons so you may know how to do it yourself, and use the money for your living." He did not, however, deliver them to her, but took them to a bank, in the vault of which he had a drawer in which he kept his private papers. He placed them in the drawer, which he locked, and the key to which he retained. During his absence his father had access to the drawer, and, as the interest on the bonds matured, he detached the coupons, and delivered them to the bank for collection, and as the money was collected it was paid to Mrs. Schlapp. When George returned from his journey, he assumed control of the drawer, and as the interest fell due on the bonds he would detach the coupons, and deliver them to the bank for collection, and when the money was received by the bank it was passed to his

credit.   The business was transacted in this manner for about two years; after which the bank, by George's direction, opened an account in the name of Mrs. Schlapp, in which it credited the interest as it was collected.   He, however, continued to draw out money as he needed it, on checks drawn on the bank by himself in his wife's name.   She has never had the bonds in her possession, nor has she ever seen them since they were first locked up in the drawer in the bank vault.   It is very clear that she is not vested with the title to them.   To constitute a valid gift of personal property, there must be an actual delivery of the property, or some act must be done which in law is the equivalent of such delivery.   *Willey v. Backus*, 52 Iowa, 401.   Nothing of the kind was done in the present case.   The title to the property remains in the husband.   At his death it would descend to his personal representatives as assets of his estate, and during his life it may be subjected by his creditors to the payment of his debts.   He claims to be insolvent, and said bonds are the only property within the reach of his creditors.

The judgment will be reversed, and judgment in harmony with this opinion will be entered in this court, or the cause will be remanded for the entry of such judgment in the court below, as the parties may elect.

REVERSED.