Nasse v. Thoman.

---

MARIA NASSE *et al.*, Respondents, v. WILLIAM THOMAN, Appellant.

St. Louis Court of Appeals, February 4, 1890.

1. **Gift: DELIVERY.** An immediate change of dominion, evidenced by a delivery, is essential to the validity of a gift.

2. ———: UNEXECUTED PROMISE. The mere purchase of a piano will not vest the title to the piano in the daughter of the purchaser, though the piano was previously hired by the purchaser for the use of such daughter with the understanding between him and his daughter that it should, in case of such purchase, become the property of the latter.

Nasse v. Thoman.

*Appeal from the Franklin Circuit Court.*—Hon. T. A. Lowe, Special Judge.

REVERSED AND REMANDED.

*Rassieur & Schnurmacher*, for the appellant.

A gift, unaccompanied by a delivery of the property, cannot be enforced against the donor; there must be an actual delivery if possible. The acts done and all the circumstances in this case do not amount to a delivery. *Wiley v. Backus*, 52 Iowa, 401; *Medloch v. Powell*, 96 N. C. 499; *Atkins v. Hulse*, 62 Mo. 577; *Flanders v. Blandy*, 45 Ohio St. 108; *Brewer v. Harvey*, 72 Ala. 176; *Martin v. Smith*, 25 W. Va. 579; *Young v. Young*, 80 N. Y. 422.

*L. F. Parker*, for the respondents.

The trial court, sitting as a jury, found this question of fact for the plaintiff and this finding has all the weight of the verdict of a petit jury. *O'Connor v. Theater Co.*, 17 Mo. App. 675; *Gaines v. Fender*, 82 Mo. 497; *Wood v. Land*, 22 Mo. App. 425. In passing upon this question, whether this finding is supported by any evidence, this court will make every inference of fact in favor of plaintiff which the evidence warrants, and which the trial court might, with any degree of propriety, have inferred. *Wilson v. Board of Ed.*, 63 Mo. 137; *Buesching v. Gaslight Co.*, 73 Mo. 219; *Fisher v. Railroad*, 23 Mo. App. 201; *Noeninger v. Vogt*, 88 Mo. 589. Governed by this rule and applying it as a test, the plaintiff might well rest her case upon the testimony of witness Sohns alone. He testifies to an admission on the part of defendant, that the piano in question "belonged to" plaintiff. This is an admission against his interest, and, as against him, is presumed to be true.

It includes a gift, and every other fact or element necessary to vest the property in the plaintiff. But, irrespective of this, the plaintiff shows a sufficient delivery under the surrounding circumstances. *Davis v. Zimmerman*, 40 Mich. 24; *Love v. Francis*, 63 Mich. 181; *Schooler v. Schooler*, 18 Mo. App. 69; *Elliot v. Keith*, 32 Mo. App. 119.

ROMBAUER, P. J., delivered the opinion of the court.

The only questions, deserving serious consideration, presented by this appeal, are whether the judgment of the trial court is supported by substantial evidence, and whether the trial court took a correct view of the law as applicable to the facts. The action is one of replevin for a piano by a daughter against her father. The daughter claims that the father bought the piano for her and gave it to her, and the question for decision is whether there was any substantial evidence of any gift executed by delivery, or of such purchase for the daughter's use, in the first instance, as to dispense with subsequent delivery.

The uncontradicted evidence shows that the piano was hired by the father for the use of his daughter in July, 1882, and that he kept it under such contract of hiring until May, 1884, when he bought it. The daughter was a member of his family until November, 1885, at which time, owing to some disagreement with her stepmother, she left his house and never returned. The present action was instituted in March, 1889.

The testimony of the daughter bearing on the question of an executed gift was as follows:

"My father made an appointment with me to meet him at his place of business, and we went together to a dealer in musical instruments. He told me to pick out a piano, as it would be for me. It was rented to be bought thereafter. It was always spoken of thereafter by my father and other members of the family as my

piano. At Christmas, 1883, I think it was, it is my best impression and belief it was Christmas, 1883, after my father was married a second time, I received no Christmas present, and I was feeling badly about it, and my father asked me why I was weeping and moping, and I said: 'You have always remembered me on Christmas day till now with a present,' and my father told me then, in the presence of my stepmother, that the piano was paid for, that it was mine now and was enough of a Christmas present. I am certain this was Christmas day, and I believe it was 1883. The stool belongs to the piano, and was given with it. When the appointment was made for me to meet my father, he said it was to buy a piano for me. When he rented the piano it was understood that, when he bought it, the money paid as rent was to be applied as part of the purchase price."

*Cross-Examination :* "I have a brother. He used the piano after I gave him the first lesson. I believe we got the piano in September, and he gave me the piano the Christmas after. The piano was always in father's house. It was taken from Chicago to Herman, Missouri, in my father's name, and has remained in my father's possession ever since. In November, 1885, I left my father's house and have not been back since. I left the piano at my father's house when I left. In April, 1885, we moved from Chicago to Herman, Missouri. I never demanded the piano, and never sent anybody for it, before beginning this action. I am not certain that he gave it to me Christmas, 1883, but I believe it was. It might have been 1884. In September, 1886, I was married."

Henry Sohns, a witness for plaintiffs, testified: "I was at Thoman's, often, in Herman, Missouri, where he and I lived. At one time he said to me: 'We are now well fixed up, come and look at my parlor.' I went in, there was a piano there. I said, 'You also have a piano, is your wife musical?' He said, 'Oh, no, my

daughter plays, that belongs to my daughter.' Nothing else said about the piano. Can't say exactly when this conversation occurred. I think it was in 1885."

The defendant admitted that he rented the piano for the use of his daughter, but denied that he ever gave it to his daughter, and denied the conversation testified to by his daughter as occurring Christmas, 1883, or 1884, and further stated that what he stated to Sohns was that his wife did not play the piano, but only his two children.

The court, sitting as a jury, gave two instructions for the plaintiff. The first embodied the proposition that, "If the defendant at or near Christmas, 1883, or 1884, presented the piano in question to the plaintiff, Maria Nasse (then Thoman), with the then present intention to transfer the property and possession to her, the finding will be for the plaintiff."

The second instruction was as follows: "If the court shall find, from the evidence, that, at the time the defendant leased the piano, there was an understanding between him and his daughter, that such leasing should thereafter ripen into a purchase, and that such leasing and purchase was for her benefit, then no property in said piano was ever vested in the defendant; and if the court finds, from the evidence, that in conformity to such understanding said defendant afterward completed such purchase, then the same inured to the benefit of the plaintiff, Maria Nasse (then Thoman), and never vested in defendant, and no open or visible delivery to her was necessary." And, thereupon, the court found a verdict for the plaintiff.

That a gift unaccompanied by any delivery of the property cannot be enforced against the donor, is elementary law. What will amount to delivery must, in many cases, depend upon the situation of the property, and of the parties, and on surrounding circumstances; but every case of an executed gift contemplates

an immediate change of dominion from one party to another, evidenced by some delivery, actual, symbolical or constructive. *Vogel v. Gast*, 20 Mo. App. 107; *Medlock v. Powell*, 96 N. C. 499; *Wiley v. Backus*, 52 Iowa, 401. Some of these cases are almost identical in their facts with those of the case at bar. We must, therefore, conclude that, applying the well-settled law to the uncontroverted facts of the case, it is at least doubtful whether the plaintiff, by her evidence, did make a case, which the court was authorized to submit to the trier of the facts, as evidence of a completed gift.

However this may be, the law declared by the court as applicable to the facts, was clearly erroneous. The plaintiff's case could, in no way, depend on the fact, with what intention the piano was hired. The proposition that, if I hire an article for the use of A. with an intention or understanding that it should become the property of A., if I should buy it, the title to such article at once vests in A. upon such purchase, and that a subsequent delivery or transfer from me is unessential, finds support in no legal principle that we are aware of. The instruction given for the plaintiff was evidently intended to apply the law, as stated by Judge PHILIPS in *Schooler v. Schooler*, 18 Mo. App. 77, to a state of facts to which it is wholly inapplicable, and entirely overlooked the proposition, that the original hiring of the piano, under the uncontradicted facts, was not a contract which could possibly vest the title to the chattel in either father or daughter.

All the judges concurring, the judgment is reversed and the cause remanded. Judge BIGGS concurs in the result only.