D. C. MIZE, Administrator, Respondent, v. BATES COUNTY NATIONAL BANK, Defendant; CLARA D. COOTER *et al.*, Appellants.

Kansas City Court of Appeals, January 14, 1895.

1. **Gifts:** TRUSTEE: DELIVERY. M. being the owner of two certificates of bank stock for six shares, surrendered said certificates and had three certificates issued instead, each for two shares of stock, and in favor of himself as trustee, naming a different one of his three children as beneficiaries in each certificate, and held and retained these certificates until his death some two years thereafter without collecting the dividends but intending to deliver them at some time to the children. *Held*, the gift was complete and that M. had constituted himself a trustee for his children.

2. **Trusts and Trustees** : SETTLEMENT: DELIVERY. The creation of a trust, if otherwise unequivocal, is not affected by the settler's retention of the instrument of trust, especially where he is himself the trustee.

3. ———: GIFTS: DELIVERY. If the owner make himself the trustee, no transfer of the property is necessary; if he selects a third party, there should be such transfer as will pass the title. Where there is an executed intention with an expressed trust of the donor unrevoked at his death, the trust is valid against everybody, except creditors. Cases reviewed and discussed.

*Appeal from the Bates Circuit Court.*—HON. JAMES H. LAY, Judge.

REVERSED AND REMANDED (*with directions*).

*Boyd & Murrell* for appellant.

(1) That the law is well settled that a trust in personal property may be created and proved by parol evidence. 1 Perry on Trusts, p. 75, sec. 86; *Kramer v. McGaughey*, 11 Mo. App. 429. (2) The owner of personal property may impress upon it a valid trust, either by a declaration that he holds the property in trust or by a transfer of the legal title to a third party upon certain specified trusts. It is not necessary to transfer the property, if the owner makes himself trustee. Any declaration in which the fiduciary relation is clearly expressed is sufficient. 8 Am. and Eng. Encyclopedia of Law, p. 1323; *Minor v. Rogers*, 40 Conn. 512; s. c., 16 Am. Rep. 69; *Ray v. Simmons*, 11 R. I. 266; s. c., 32 Am. Rep. 447; *Martin v. Funk*, 75 N. Y. 134; s. c., 31 Am. Rep. 448; *Bank v. Albee*, 64 Vt. 571; s. c., 33 Am. St. Rep. 944; Dickerson's App. 115 Penn. St. 198; s. c., 2 Am. St. Rep. 296; Estate of Smith, 144 Penn. St. 428; s. c., 27 Am. St. Rep. 646; *Love v. Francis*, 63 Mich. 181; s. c., 6 Am. St. Rep. 296; *Bank v. Merriell*, 31 Wis. 142; s. c., 29 Am. St. Rep. 876; *Williamson v. Gager*, 91 Ky. 184; s. c., 34

Am. St. Rep. 186. Also extensive notes on this subject to last named case at pp. 189, 190; Cook on Stock and Stockholders, sec. 308, secs. 373 and 374; Dickerson's Appeal 115, Penn. St. 428; s. c., 2 Am. State Rep. 296; *Lane v. Ewing*, 31 Mo. 84; *Hook, Adm'r, v. Dyer*, 47 Mo. 218; *Pugh v. Hays*, 113 Mo. 424; 2 Perry on Trusts, sec. 475.

*Francisco Bros.* for respondent.

(1) "Loose, vague and indefinite expressions are in sufficient to create a trust." 1 Perry on Trustee, sec. 86, p. 76; *Kramer v. McCaughey*, 11 Mo. App. 429. But we contend that there is no evidence in this case showing that such a trust, or any trust whatever, was created. The certificate in question was made to "M. W. Mize, trustee, for Clara D. Cooter." (2) We agree with appellants on their second proposition: "That the owner of personal property may impress upon it a valid trust either by a declaration that he held the property in trust, etc." "Any declaration in which the fiduciary relation is clearly expressed is sufficient," and the authorities cited bear out that proposition. But in the case at bar we contend first that there is no declaration of trust at all, but that the words used in the certificate are simply *descriptio personæ*. (3) This transaction of M. W. Mize is void as a gift for the reason that there was no delivery of possession of the property to the donees or to any one of them. This shows clearly that he did intend it as a gift and also that it was not then or ever afterwards completed—as contemplated—and for that reason can not be upheld as a gift and appellants are endeavoring to convert it into a parol trust to uphold it. 8 Am. and Eng. Encyclopedia of Law, p. 1324; *Alger v. Bank*, 5 N. E. Rep. (Mass.) 893; *Mercy v. Amazeen*, 61 N. H. 131; *Orr v.*

*McGregor*, 43 Hon. (N. Y.) 528; *Clark v. Clark*, 108 Mass. 522; Codefro's Law on Trusts, pp. 59, 60, 66 and 85; *Dipple v. Cerles*, 11 Hare, 183; *Patterson v. Murphy*, 11 Hare, 88–91.

ELLISON, J.—Plaintiff as administrator of the estate of M. W. Mize, deceased, instituted this action to recover of the defendant bank several dividends on the stock of said bank, claimed by plaintiff to belong to him as such administrator. Three children of the deceased were afterwards made parties, and two of them claimed the dividends on two of the certificates of stock, upon which such dividends has been declared. The court dismissed the interplea of the children and gave judgment for plaintiff against the bank. The bank does not appeal. The third one of the children was notified by publication and did not appear.

The cause was submitted to the court on an agreed statement of facts, wherein it appeared that the deceased was the father of the children named therein and that he was, on the eighth day of March, 1890, the owner of six shares of stock in the defendant bank, for which he had two certificates, one for five and the other for one share of the stock. That on that day he "surrendered" to the bank these two certificates "and requested the proper officers of said bank to issue, instead of one certificate, three certificates, each representing two shares, and directing that they should be issued as follows: One to "M. W. Mize, trustee for Clara D. Cooter;" one to "M. W. Mize, trustee for Bettie Harrison;" and one to "M. W. Mize, trustee for H. H. Mize." That on said eighth day of March, 1890, certificates were issued by said bank in accordance with said directions of said M. W. Mize. One, number 230, representing two shares, to "M. W. Mize trustee for Clara D. Cooter," one, number 231, to "M.

W. Mize, trustee for Bettie Harrison," also representing two shares, and one, number 232, to "M. W. Mize, trustee for H. H. Mize," representing the other two shares. That, after said certificates were so issued, they were delivered by said bank to said M. W. Mize at his request, and that said M. W. Mize retained them in his possession until his death, and retained control of said stock and dividends thereon to time of his death, but intended at time of said issue to deliver said certificates to his children at some future date. That there were dividends declared upon said six shares of stock after the said eighth day of March, 1890, and up to the time of the institution of this suit as follows:

On July 1, 1890 . . . . . . . . . . . $26 40
On December 30, 1890 . . . . . . . . 39 00
On June 30, 1891 . . . . . . . . . . 30 00
On December 31, 1891 . . . . . . . . 30 00
On June 30, 1892 . . . . . . . . . . 24 00

Making a total of . . . . . . . . $149 40

Which said dividends were none of them paid out to M. W. Mize, or to any other person, but were credited on the books of said bank, one third of each of the aforesaid amounts to "M. W. Mize, trustee for Clara D. Cooter," one third to "M. W. Mize, trustee for Bettie Harrison," and one third to "M. W. Mize, trustee for H. H. Mize." That no instructions were ever given to said bank as to how said dividends should be credited or directions made to the bank, or any officer thereof, as to how said dividends should be credited.

We think it clear that the gift to the children was complete, and that the deceased was, in reality, what he constituted himself to be, the trustee for the children. The deceased was the owner of the two

certificates of stock standing in his own name. He surrendered them to the bank and directed that the bank reissue separate certificates · in even shares, for his three children, to him as trustee for each child named in the respective· certificates. He then allowed the dividends declared on this stock, and which were separately entered on the books of the bank ʼas a separate credit to him as trustee for each child, to remain in the bank undisturbed by him. We can put but one interpretation on these acts,—they could have no other purpose than a complete disposal of the stock to himself as ͏trustee for his children. If the same acts had been done, except that some third party had been made trustee, no doubt would have been suggested as to the transaction, or its meaning and effect. The mere fact that deceased selected himself as trustee can not affect the result. A self-constituted trustee is not an uncommon personage. And that he kept the certificates' in his manual possession can not have the effect to prevent the result which had been accomplished by his unequivocal acts, since such conduct on his part was *not inconsistent with those acts, he being the trustee and therefore the proper custodian.* "The creation of the trust, if otherwise unequivocal, is not affected by the settlor's retention of the instrument of trust, especially where he is himself the trustee." *Ray v. Simmons*, 11 R. I. 266; *Williamson v. Tager*, 91 Ky. 282. In *Tygard v. McComb*, 94 Mo. App. 85, this court, in speaking of a kindred matter, said, that the "delivery of a pass book to their father, who was their natural guardian, would be a delivery to them. A delivery, therefore, to the father on their account was, under the circumstances of the case, all that could be expected. If, then, we were to decide this case, looking alone to the deposit in the bank and retention by the donor of the evidence of such deposit, we should

not hesitate to award the money to these minor children.''

In the case of *Miner v. Rogers*, 40 Conn. 512, the donor deposited $250 in a bank in her own name, as trustee for the plaintiff and retained the pass book in her possession; the court held the gift complete, notwithstanding the donor afterwards drew· and used some of the money, it being stated that that was a wrongful conversion.

In *Martin v. Funk*, 75 N. Y. 134, it was held, in a case much like the one under consideration, that, when a trust is declared, whether in a third .person *or the donor*, it is not essential that the property should be possessed by the *cestui que trust*, or even that the beneficiary should be informed of the trust.

In *Dickerson's Appeal*, 115 Pa. St. 198, it was held that it was not necessary to select a third party as trustee and to deliver to him the subject-matter of the trust. That the donor could nominate a third party, or he may constitute himself the trustee. ''If he makes himself the trustee, no transfer of the subject-matter of the trust is necessary; but if he selects a third party, the subject of the trust must be transferred to him in such mode as will be effectual to pass the legal title. * * * Where, as in this case, the facts show an executed intention or purpose, coupled with an express trust in the donor, for the benefit of the objects of his bounty, unrevoked by him at the time of his death, such a trust is clearly valid against everybody, except creditors. A reserved right of revocation is not inconsistent with the creation of a valid trust.''

In the case at bar, there was no right of revocation reserved, and, if there had been, or, if such right had been contemplated by the donor, he never exercised it. The fact that the deceased intended at some future

time to deliver over the certificates to the children can not, in connection with the leading facts in the case, alter or qualify those facts. That intention may be evidence that he intended at some future time to terminate his fiduciary relation; but it does not show that he had not made the gift complete. Besides the cases referred to, we call attention to the following, which have been cited by counsel for interpleaders, which are directly in point. *Smith's Estate*, 144 Pa. St. 428; *Com. R. Sav. Bank v. Albee*, 64 Vt. 571; *Williamson v. Yager*, 91 Ky. 184.

We are satisfied that the judgment should have been for the interpleaders and we will reverse the judgment and remand the cause with directions that a decree be entered for them. All concur.