In re Estate of Francis Richardson, Fanny Richardson et al. v. Arza Richardson et al., Appellants.

**Voluntary trusts:** BILLS AND NOTES: OWNERSHIP: EVIDENCE. While to constitute a perfect gift there must be a transfer of the absolute title and possession to the donee, still a voluntary trust may be established by showing an intention to become a trustee and to retain possession, and perhaps the legal title; nor is it material that the beneficiary has no knowledge of the transaction, as acceptance will be presumed when the trust is beneficial to him. Evidence held to show that certain notes payable to others but found among the assets of decedent were held by decedent as a voluntary trustee for the benefit of the payees.

*Appeal from Shelby District Court.*—HON. W. R. GREEN, Judge.

Friday, September 23, 1904.

Rehearing Denied, Wednesday, June 10, 1908.

Francis Richardson, a resident of Shelby county, disappeared in August, 1896, and is supposed to be dead. He was at the time of his disappearance the owner of about 1,900 acres of improved farm land in that county and in Audubon county, and of a large amount of personal property, consisting mainly of notes and mortgages executed by farmers living in those counties. In November, 1896, William J. Clapper was appointed administrator of his estate, and found among his effects many notes made payable to his brothers and other relatives. These notes, with their securities, were subsequently surrendered to the payees named therein, under an order of the district court, made upon the application of the administrator, and after notice to the parties herein. The appellants objected to the final report of the administrator, alleging that the notes so surrendered were the property of the estate, and asked that the administrator be charged therewith. The objections were overruled and the final report approved. An action for the partition of the land was also tried at the same time, and an order of partition made. Appeals were taken in both cases, and they were consolidated and submitted to us as one case.—*Affirmed.*

*Chas W. Keplar, M. R. Everett,* and *Byers & Lockwood,* for appellants.

*Cullison & Robinson,* for appellees.

Sherwin, J.— The controlling question is the same in both cases, and it is this: Were the notes made payable to others than Francis Richardson the property of his estate, or were they rightfully delivered to the payees named therein?

This question we must determine because of the fact that some of the notes were delivered to the payees without authority from the court, and as the evidence in the record applies as well to the notes turned over to the payees under the order of the court, we do not deem it necessary to determine the effect of that order, and shall dispose of the entire question on its merits. There is slight evidence tending to show that Horace and Henry Richardson, brothers of the deceased, who were named as the payees in some of the notes, had given him money to invest for them; but the competent evidence tending to support such claim is so weak and unsatisfactory that we pass this branch of the case without further comment. Francis Richardson loaned a large amount of money. About one-half of the notes given therefor, and found among his effects, were drawn payable to himself, and in the others his brothers and others were the payees. When making loans for which he took notes and securities in the name of another, he frequently declared that he was loaning money for the payees therein, and that the notes were not his property. The mortgages taken in such instances were recorded by him, and in the case of his brother Henry, he held a recorded power of attorney, authorizing him to act for him in buying, selling, and releasing mortgages. It is true that the record does not show with any degree of certainty that these oral declarations were made as to any or all of the particular notes in controversy, but it is shown that they were made at different times, and to different parties, when he was taking notes payable to the same payees; and, without any showing that the notes in controversy are not the notes about which the declarations were made, we think the evidence sufficient to show that all of such notes were taken for the benefit of the payees named therein. In the instances where he bought land, and had it deeded to his brothers, Henry and Horace, he paid the taxes thereon, and took the receipts in their names. Are these acts and declarations sufficient to establish the title of the

notes in the parties to whom they were made payable? We are of opinion that this question must be answered in the affirmative, and that the notes were held by the deceased for the beneficial use of the payees under a declaration of trust.

In the case of a voluntary trust, the beneficial or equitable title passes to the *cestui que trust,* while the legal title may be retained by the person creating the trust, or it may be transferred to a third person. 14 Am. & Eng. Enc. of Law (2d Ed.) 1026; *Love v. Francis,* 63 Mich. 181 (29 N. W. 843, 6 Am. St. Rep. 290); *Mize v. Bates County Natl. Bank,* 60 Mo. App. 358; *Williamson v. Yager,* 91 Ky. 282 (15 S. W. 669, 34 Am. St. Rep. 184); *O'Neil v. Greenwood,* 106 Mich. 572 (64 N. W. 511); *Martin v. Funk,* 75 N. Y. 134 (31 Am. Rep. 446) *Gerrish v. Inst. for Sav.,* 128 Mass. 159 (35 Am. Rep. 370); *Cook v. Patrick,* 135 Ill. 499 (26 N. E. 658, 11 L. R. A. 573). In a strict legal sense, there was not a gift of the money or of the notes given therefor, because to constitute a perfect gift the absolute title and the possession must be transferred to the donee, while to establish a voluntary trust there must be an expression of an intention to become a trustee, and therefore an intention to retain the possession and perhaps the legal title of the property. Nor does it matter that the *cestui que trust* has no knowledge of the transaction, for his acceptance will be presumed when the trust is beneficial to him. *Blasdel v. Locke,* 52 N. H. 238; *Darland v. Taylor,* 52 Iowa, 503; *Higman v. Stewart,* 38 Mich. 513; *Cook v. Patrick, supra.* In *Casteel v. Flint,* 112 Iowa, 92, stock in a building and loan association was taken in the name of the investor as trustee for another, but without any declaration of trust, and we held that under the evidence the trust was a nominal one, executory in character, and intended to be consummated in the future, and that under the circumstances the writing was not alone sufficient to establish a trust. *Schollmier v. Schoendelen,* 78 Iowa, 426, involved the question of the assignment of a bank deposit, and it was held that there should

be some evidence, in addition to the writing, to show that the assignment was regarded by its maker as a complete transaction. *Stokes v. Sprague,* 110 Iowa, 89, holds that there was no completed transfer of title by gift. And such was also the holding in *Peters v. The Fort Madison Construction Co.,* 72 Iowa, 405. In *Re Brown's Estate,* 113 Iowa, 351, money was deposited in the joint names of the depositor and his wife, and after his death she claimed the entire amount represented by the certificate. There was no declaration of trust, and we held that the money belonged to the widow and estate, one-half each. In *Telford v. Patton,* 144 Ill. 611 (33 N. E. 1119), relied upon by the appellants, a deposit was made in a bank, the certificate being taken in the name of another person. There was no evidence that any declaration of any kind was made to any person, and it was held that the title to the certificate did not pass to the payee, because no delivery thereof had been made to or for him. In *McKenna v. Kelso et al.,* 52 Iowa, 727, the notes were made payable to the plaintiff for the express purpose of defeating the wife's claim to dower. *Clapper v. Frederick,* 199 Pa. 609 (49 Atl. 218), holds there was no delivery of the notes so as to make a valid gift, and nothing more.

As we understand the record, no additional compensation was allowed the administrator when these cases were tried, and we need not further notice the matter, as he does not appeal.

As the questions raised in the partition case are substantially the same as in the probate case, and are disposed of by what has already been said as to the ownership of the notes, we need give the case no further attention.

We think the judgments both right, and they are therefore *affirmed.*