G. S. BURCHETT et al., Respondents, v. A. C. FINK,
Public Administrator, Defendant; W. W. GRIMES,
Interpleader, Appellant.

**Springfield Court of Appeals, December 6, 1909.**

1. **BILLS AND NOTES: Delivery Necessary to Pass Title.** The
owner of certain notes indorsed them in due form to her son,
remarking at the time that when the son returned she would
give them to him. She then put the notes into her private
safety box, where they were found after her death. The
notes were subsequently turned over to the son who sold them,
the purchaser having actual knowledge of the facts surrounding
the change of possession of the notes. *Held*, that there was
no delivery of the notes to the son and no title in the pur-
chaser; that the title to the notes passed to her administrator
on the owner's death.

2. ——: ——: **Administrator Can Transfer Title Only In
Manner Provided by Statute.** The administrator can transfer
title to decedent's notes only by operation of law in the man-
ner provided by statute.

3. ——: ——: **Gift.** A gift is a contract executed; and as
the fact of execution is delivery, it is of the essence of the
title. It is the consummation of a contract which, without it,
would be no more than a mere contract to give and without
efficacy for want of consideration.

Appeal from Polk Circuit Court.—*Hon. Argus Cox,*
Judge.

AFFIRMED.

*Jno. W. Ross* for appellant.

(1) An administrator with the will annexed may
make a valid transfer of a promissory note. Balmer v.
Sunder, 11 Mo. App. 454. (2) Before appellant Grimes
can be defeated in this action it must be shown that
his knowledge of defect or infirmity, if any, in the title
of Burchett was such that his act in purchasing same

amounted to bad faith.  Session Acts 1905, secs. 56, 57, p. 250.  (3)  The fact of the indorsement of Mrs. Fleming to her son, Wm. Burchett, placing them in the box at the bank, to be delivered to him when she saw him, coupled with the fact that Fink, the administrator, did deliver them as she intended was such a delivery as to pass title to the notes, in the hands of W. W. Grimes. Giddings v. Giddings, 31 Am. R. 682; Welch v. Dameron, 47 Mo. App. 221; Fogg v. School Dist., 75 Mo. App. 159; Wood v. Flanery, 89 Mo. App. 632; School Dist. v. Sherdley, 138 Mo. 688.  (4)  Nothing less than fraud can now defeat the title of the purchaser of negotiable paper.  Bank v. Stoneware Co., 4 Mo. App. 276.  (5) There must be bad faith on his part.  The good faith of the holder is the decisive test.  Hamilton v. Marks, 63 Mo. 178; Johnson v. McMurry, 72 Mo. 278; Jennings v. Todd, 118 Mo. 296; Bank v. Hammond, 104 Mo. App. 402; Bank v. Stanley, 46 Mo. App. 440; Brown v. Hoffelmeyer, 74 Mo. App. 385.

*L. Cunningham* and *Rechow & Pufahl* for respondents.

(1)  No title passes to an assigned note without delivery.  Tiedeman on Commercial Paper (1 Ed.), sec. 109; Tiedeman on Commercial Paper, sec. 148; Lowrey v. Danforth, 95 Mo. App. 451; 1 Randolph, Commercial Paper (Ed. 1886), p. 339, secs. 220, 221; 1 Daniel on Negotiable Instruments (3 Ed.), sec. 64; 2 Am. and Eng. Ency. (1 Ed.), 342; Fagelsong v. Wickard, 75 Ind. 258.  (2)  An administrator has no authority to transfer the notes of an estate except under the circumstances authorized by statute.  Cowgill v. Lenville, 20 Mo. App. 145; Marshall v. Meyers, 96 Mo. App. 648; Chandler v. Stevenson, 68 Mo. 450; Stagg v. Lumenfelser, 59 Mo. 336; Scudder v. Ames, 89 Mo. 520.

STATEMENT.—The litigation in this case arises out of the conflicting claims of A. C. Fink, public adminis-

trator, in charge of the estate of Juda Fleming, deceased, and W. W. Grimes in regard to the ownership of certain notes. It is a proceeding in equity, instituted by Granville S. Burchett and Eliza Burchett, respondents, to compel A. C. Fink, as public administrator, and W. W. Grimes to interplead in order to determine to whom they should pay the notes in controversy.

A summary statement of the facts in this case is as follows: In 1906, Juda Fleming sold to Granville S. Burchett certain lands in Polk county, Missouri, receiving as the purchase price seven notes numbered from one to seven. Six of said notes were for the principal sum of two hundred dollars each, and the seventh of the series was for two hundred and sixty dollars, and all of said notes were written on the standard forms of negotiable notes. Note number one was payable three years from date with interest at the rate of six per cent. per annum, and the others became due, one each year thereafter. Some time after making these notes, Juda Fleming took notes numbered one and three—being the notes in controversy—and had them indorsed in due form to her son, William B. Burchett, which she duly attested by making her mark as her signature, and remarking that when Will who was living in Kansas should return, she would give them to him. She then took the notes to the Bank of Humansville, put them in her private safety box with her other private papers, where they were found after her death by the public administrator, A. C. Fink, when he went to make an inventory of her estate. When the witnesses to the inventory came across these notes, a question arose whether they should be inventoried as a part of her estate or delivered to the indorsee. William B. Burchett, who had come on to attend his mother's funeral, was called into the bank and the notes were turned over to him, it being uncertain from whom he received the notes. On the same day, William B. Burchett sold and delivered these notes to W. W.

Grimes, appellant, for three hundred and fifty dollars.

The evidence shows the following facts in regard to Grimes knowledge at the time he purchased the notes: He knew that Juda Fleming was dead, and he was informed that the notes were found in Juda Fleming's private box at the bank with her other papers at the time the inventory of her estate was being taken, and that the public administrator or some other person had turned these notes over to William B. Burchett.

This case was heard by the circuit judge without the intervention of a jury, and judgment was rendered for A. C. Fink, the administrator, and against the defendant W. W. Grimes who thereupon perfected his appeal to this court.

NIXON, P. J. (*after stating the facts.*)—It is apparent from an inspection of the evidence in this case that the common source of title to the disputed notes was in Juda Fleming, deceased, and that at her death, the notes were found with her private papers in her private box in the Bank of Humansville; that during the time the inventory was being taken, either the administrator or some other person turned the two notes in dispute, numbered one and three, over to William B. Burchett, who transferred and delivered the same to W. W. Grimes, appellant, and that he received the notes with full knowledge of Burchett's title and how he came in possession of them.

It is thus apparent that Juda Fleming never parted with the possession of these notes; and although she indorsed them to her son, William B. Burchett, and announced her intention to give the same to "Will"—meaning William B. Burchett—as a matter of fact, she retained full control of her notes to the day of her death. There was no evidence of any delivery or of any attempt during her lifetime to deliver these notes to her son, William B. Burchett; nothing but her declared intention to do so at some future time.

The case therefore travels along a well beaten path, and finds its real solution by the application of well established legal principles. A gift *inter vivos* passes no title—notwithstanding the assignment on the back of these notes, and notwithstanding any intention which the owner may have entertained of delivering such notes at some future time to her son—the fact being that no delivery was ever actually made, during her lifetime. Under such circumstances, no title passed to the appellant Grimes from William B. Burchett. A gift is a contract executed, and as the act of execution is delivery, it is of the essence of the title. It is the consummation of a contract which, without it, would be no more than a mere contract to give, and without efficacy for the want of a consideration. [Lowrey v. Danforth, 95 Mo. App. 1. c. 451; Doering v. Kenamore, 86 Mo. 588; Nasse v. Thoman, 39 Mo. App. 178; Gartside v. Pahlman, 45 Mo. App. 160; Thomas v. Thomas, 107 Mo. 459; In re Estate of Soulard, 141 Mo. 642.]

In this case, it also appeared that the administrator of the estate of Juda Fleming or some other party delivered the notes to William B. Burchett after Juda Fleming's death. But even the administrator under such circumstances and in this way could not transfer the property of decedent's estate, of which he had become trustee, although Juda Fleming had in her lifetime duly indorsed the notes to William B. Burchett and intended to give them to him. The title to the notes after her death passed to her administrator and could only be transferred by operation of law as pointed out by statute, which was not done in this case. [Cowgill v. Lenville, 20 Mo. App. 1. c. 145; Marshall v. Meyers, 96 Mo. App. 1. c. 648; Chandler v. Stevenson, 68 Mo. 450; Stagg v. Lumenfelser, 59 Mo. 336; Scudder v. Ames, 89 Mo. 1. c. 520.]

The appellant, having purchased with full knowledge of the title to the notes, the rights of an innocent

139 App—25

purchaser are not presented to us for consideration in this case. It is apparent that the claims of the appellant are without legal merit. The judgment of the trial court is affirmed. *Gray, J.,* concurs; *Cox, J.,* having presided as judge in the trial court, did not sit.